```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

KRISTOPHER WELDON,                  :
                                    :
     Petitioner/Defendant,           :
                                    :       CIVIL ACTION
v.                                  :
                                    :       NO. 1:11-CV-2806-TWT-ECS
MIDLAND FUNDING, LLC, and            :
HSBC BANK NEVADA NA                 :
                                    :
     Respondent/Plaintiff.          :
```

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

### I.
### Introduction

This action is presently before the Court on Petitioner's request to proceed in forma pauperis with his Petition for Removal of an action from the Magistrate Court of Forsyth County, Georgia, to this Court, pursuant to 28 U.S.C. § 1446. [Docs. 1, 1-1]. After consideration by the Court of Peitioner's affidavit of indigency, his request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). Because this Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1441, however, it is **RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Forsyth County.

AO 72A
(Rev.8/82)


## II.
## Discussion

Twenty-eight U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). In removal cases, the party seeking removal has the burden to demonstrate that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted). Thus,

potential defenses involving the Constitution or laws of the United States are ignored. <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003). Furthermore, "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction." <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831 (2002).

In the present case, Petitioner seeks to remove an action from the Magistrate Court of Forsyth County, but there is no indication that Midland Funding, LLC or HSBC Bank NA, as *plaintiffs* in the state court proceeding, rely on any federal law in their complaint. Petitioner's only attachment in support of removal is a copy of a notice of a hearing on damages after default addressed to Petitioner as defendant by the Forsyth County Magistrate Court, rather than a copy of the complaint or any other documents related to the state proceeding. <u>See</u> [Doc. 1-1, at 3].

Petitioner, however, alleges only that removal is proper because "[t]he State Court Judicial proceedings is Unconstitutional with respect to the 'Due Process Clauses' 14th Amendment" and that the "Judicial proceedings [are] occurring in violation of the Uniform Commercial Code and 15 USC 1692." [Doc. 1-1, at 4-5]. But as discussed above, a case may not be removed to federal court when, as here, the basis for removal is a federal defense, <u>see</u> <u>Caterpillar</u>, 482 U.S. at 393, or a federal counterclaim, <u>see</u> <u>Vornado</u>, 535 U.S. at 831. Thus, absent an allegation of a federal

3

question presented on the face of the state court Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioner cannot properly remove the action on the basis of federal question subject matter jurisdiction. Caterpillar, 482 U.S. at 393; see also HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct. 12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

As an alternative basis for jurisdiction, Petitioner checked the box on the civil cover sheet for diversity of citizenship. [Doc. 1-2]. However, Petitioner also checked the box indicating that he is a citizen of this state, thus precluding any removal based on diversity of citizenship jurisdiction. See 28 U.S.C. § 1441(b)

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that Petitioner has failed to demonstrate any basis for subject matter jurisdiction. Accordingly, **IT IS RECOMMENDED** that the Clerk be **DIRECTED** to **REMAND** this action to the Magistrate Court of Forsyth County. Defendant's request to proceed in forma pauperis is **GRANTED** for the purposes of remand only. The clerk is **DIRECTED** to terminate the reference to the undersigned in this matter.

4

**SO ORDERED, REPORTED AND RECOMMENDED**, this 9th day of September, 2011.

                                                                _s/ E. Clayton Scofield_
                                                                E. CLAYTON SCOFIELD III
                                                                UNITED STATES MAGISTRATE JUDGE